UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAISER RAFIQ,

                      Plaintiff,

- against -

CITY OF NEW YORK, et al.,

                      Defendants.

12 Civ. 2735(VB)(PED)

REPORT AND
RECOMMENDATION

PAUL E. DAVISON, U. S. M. J.:

On March 28, 2012, plaintiff *pro se* initiated this action while in the custody of the New York City Department of Correction at Rikers Island. For the reasons set forth below, I respectfully recommend that this case be **DISMISSED** for failure to prosecute.

## BACKGROUND

On June 6, 2013, this matter was referred to me for pretrial supervision. (Dkt. 19) On June 13, 2013, I entered a Scheduling Order setting the matter down for an initial pretrial conference to be held on July 8, 2013. (Dkt. 21) The Scheduling Order directed defense counsel to arrange for the incarcerated plaintiff to participate by telephone. Id.

By letter dated June 18, 2013, counsel for the New York City defendants reported that: 1) plaintiff was released into the custody of the New York State Department of Corrections ("DOCS") on June 25, 2012; 2) plaintiff was subsequently released by DOCS into custody of the United States Department of Immigration and Customs Enforcement; and 3) defendants have no information concerning plaintiff's present whereabouts.[1] Accordingly, on June 20,

---

[1] The information reported by defense counsel is consistent with the information which appears on the DOCS Inmate Information website, which reports the following release information pertaining to inmate Kaiser Rafiq: "11/21/12 PAROLE - COND REL IMMIGRATN[.]"

2013, I entered a second Order, which adjourned the scheduled conference sine die and directed plaintiff "to provide his current address to the court and defense counsel, in writing, within 30 days." (Dkt. 22) The June 20 Order also included the following warning:

> **Plaintiff is warned that if he fails to comply with this ORDER I shall recommend that this action be DISMISSED.** See Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994)("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal.")

Id. Plaintiff has not responded to the June 20 Order. The docket reflects that both the Scheduling Order and the subsequent June 20 Order, which were mailed to plaintiff at his Rikers Island address of record, were returned as undeliverable.

## DISCUSSION

The Supreme Court has long recognized the "inherent power" of a District Court to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). This authority, which is necessary to permit the "orderly and expeditious disposition of cases," id. at 631, is now codified in the Federal Rules of Civil Procedure. Rule 41(b) permits the Court, upon motion of the defendant, to involuntarily dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); see also Rules Governing § 2254 Cases in the United States District Courts, R. 12; Fed. R. Civ. P. 81(a)(4) (permitting a court to apply the Federal Rules of Civil Procedure to *habeas corpus* proceedings). Although the text of Fed. R. Civ. P. 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link,

370 U.S. at 630).

To determine whether dismissal for failure to prosecute is warranted, the Court must examine five criteria, specifically, whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

United States ex rel. Drake v. Norden ., Inc., 375 F.3d 248, 254 (2d Cir. 2004). However, "[n]o one factor is dispositive," and the ultimate decision of whether to dismiss should be made "in light of the record as a whole." Id.

Here, the first factor weighs in favor of dismissal because plaintiff has not provided his correct address or otherwise communicated with the Court for more than a year (since his transfer to DOCS custody in June 2012.) As to the second factor, the Court has attempted to give plaintiff notice but has no effective means of doing so. "[A]s this Court has no current address for [Petitioner], any attempt to further warn [Petitioner] of [his] responsibilities and the consequences of [his] continued failure to prosecute this action would be futile." Lukensow v. Harley Cars, 124 F.R.D. 64, 66 (S.D.N.Y. 1989). The third factor also weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants can be presumed. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). As to the fourth factor, relating to docket management, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Davison v. Grillo, 2006 WL 2228999, at *2 (E.D.N.Y. 2006). Finally, as to the fifth factor "no lesser sanction would be effective, since petitioner would be unaware that any

sanction had been imposed." Lewis v. Power, 2007 U.S. Dist. LEXIS 3363, at *4 (W.D.N.Y. 2007).

The duty to inform the Court and defendants of any change of address is "an obligation that rests with all *pro se* plaintiffs." Handlin v. Garvey, 1996 WL 673823, at * 5 (S.D.N.Y. 1996). Plaintiff has failed to comply with this obligation and indeed appears to have abandoned this action. Accordingly, I respectfully recommend that this action be dismissed for failure to prosecute.

## CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that this case be **DISMISSED.**

Dated: July 23, 2013
White Plains, New York

SO ORDERED

_____
Paul E. Davison
United States Magistrate Judge